This is a suit on a policy of industrial accident and sick benefit insurance issued to Mamie Burnett by the Continental Casualty Insurance Company, Inc. Arthur Waller, the designated beneficiary in the policy, brought suit against the insurance company, in which he alleged that Mamie Burnett had died as a result of an accident and that he was entitled to the sum of $300 plus $15, as a sick benefit because of her ante mortem illness of fifteen days. In the alternative, he demanded $115, of which amount $100 is alleged to be due because of a rider attached to the policy which obligates the defendant to pay that amount "if the death of the insured shall result from any bodily sickness or disease for which sickness indemnity is payable under the provisions of said policy". By supplemental petition an additional sum of $3 per month was claimed for each of the thirteen months the policy was in force, based upon a policy stipulation which adds one per cent. per month to the principal sum of $300 for each month the policy was in effect.
The defendant answered denying liability and, following a trial upon the merits, judgment was rendered dismissing plaintiff's suit and he has appealed.
The policy stipulates for an indemnity of $300 for death due to bodily injury caused "solely through accidental means".
Mamie Burnett was admitted to the Charity Hospital on November 19, 1940, suffering with a disease or diseases of her genital organs. An operation was performed on November 25, 1940, known as a "total hysterectomy". Following the operation the patient grew steadily worse and finally died on November 30, 1940, as the result of pneumonia. It is the contention of plaintiff's counsel that in contracting pneumonia Mamie Burnett suffered an accident within the meaning of the policy provision. It will be recalled that the insured was indemnified against accidental injury. In the policy we find the following definition of injury: "Injury as used in this policy means bodily injury which is the sole cause of the loss and which is effected solely through accidental means while this policy is in force".
The argument is that the pneumonia was disassociated with the original disease suffered by the insured on account of which the operation was performed, and that, while pneumonia sometimes follows an operation, it does not necessarily do so, consequently, the pneumonia was an accident. But if the pneumonia had no causal connection with the operation, and we believe the truth to be otherwise, it does not follow that it was an accident. If the deceased had contracted pneumonia at home without ever having been operated upon, and without traumatic injury, it could not be said to have been the result of an accident, and certainly not due to bodily injury occasioned "solely through accidental means". The contention of counsel is new and ingenious but unsound and illogical.
The claim for $100, for expenses of the last illness, made in the alternative, is also without merit, since the policy provides that it is only recoverable when the death of the insured is due to "bodily sickness or disease for which sickness indemnity is payable under the provisions of the policy".
The same is true of the $15 also claimed by the plaintiff as sick benefit, as well as the claim for $39 based upon the length of time the policy was in force.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
SIMON, J., absent, takes no part. *Page 385